## BRAUN v ENGEL

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9339. Decided March 4, 1929

Mr. Joseph L. Stern, Cleveland, for Braun.

Messrs. A. E. Goldhamer and Ezra Z. Shapiro, Cleveland, for Engel.

# 582

**LEVINE, J.**

The court charged the jury in part as follows:

"Before you would be warranted in finding a verdict for the defendant in this case, you must find by a preponderance of the evidence, that is, by a greater weight of the evidence, **that this written release was executed by the plaintiff to the defendant, and that it was delivered either in escrow or to the defendant.**

That is the plain, common, simple issue in this case upon which the jury is called upon to pass." (Record 154-55 commencing with bottom of page 154).

The court further charged:

"If you find by a preponderance of the evidence that this release was executed, at or about the time alleged, **and that it was delivered either in escrow or to the defendant,** then your verdict should be for the defendant Engel. If, on the other hand, you fail to find by a preponderance of the evidence that these two essential facts to be true, then your verdict should be for the plaintiff." (Record p. 155).

Later in the charge the court stated as follows:

"If this release was executed and **delivered in escrow** it would be a **complete** defense."

Also the following language was used by the court:

"Keep in mind although all the testimony that was admitted in this case must be considered, yet the question narrowed down, is whether or not there was a written release."

On the question of whether there was a consideration for the release the court charged the jury as follows:

"That question as a question, is not in this case. That question is not raised. Testimony was permitted upon that subject for the reason that it tended to show whether or not the release was executed and delivered, either to the defendant or in escrow, and as one of the circumstances surrounding this case."

At the conclusion of the entire charge, counsel for plaintiff requested the court to charge farther on the subject of the defense of failure of consideration in connection with the release, on account of the plea that the stock was never issued or delivered, which request the court refused, and an exception was taken.

The substance of the court's charge was to the effect that if the release was delivered to him or in escrow, the defendant, Engel, would be released from his obligation on those notes regardless of whether the conditions or terms of the escrow were ever fulfilled or performed.

Counsel for defendant points to the amended reply filed by the plaintiff and urges that it pleads at most a partial failure of consideration which would not in any way void the release, although it might give the releasor, the complaining plaintiff in this case, a right of action against the releasee for any damages she may have suffered by reason thereof. Citing 34 Cyc. 1053.

It seems quite clear that in the absence of a written release whereby the defendant was released from any obligation upon these notes, that the plaintiff would be entitled to recover upon these notes.

The defendant having interposed the defense of a written release, the allegations of the amended reply which deny the existence of a release signed by the plaintiff, and also sets forth in substance that the conditions under which the release was to be signed and delivered, were never complied with, in view of the evidence submitted to the jury, presented a clean cut issue first as to whether this release was ever signed by plaintiff, and second, whether the conditions under which the release was to be signed and delivered were ever complied with.

When the court told the jury that if they find in the alternative that this written release was executed by plaintiff to defendant, and that it was delivered, **either in escrow or to the defendant, your** verdict shall be for the defendant" the court erroneously stated the law applicable to this case. It cannot be true, as a matter of law, that if this alleged written release was delivered in escrow upon certain terms and conditions, that the same

would operate as a release, regardless of whether the terms of the escrow were ever fulfilled or complied with. Likewise we hold that when the court eliminated the defense of failure of consideration in connection with the release, and refused upon request to instruct the jury concerning it, that the court committed error substantially affecting the rights of plaintiff. The question of whether the release was ever signed by the plaintiff, and also the question whether the terms and conditions agreed upon by the parties to govern the execution and delivery of the release were ever combined with, constitute the primary issues of fact in this case. Perusing the charge as a whole we find that the court eliminated those primary issues from the case. We hold this to be error substantially affecting the rights of plaintiff.

The judgment of the Common Pleas Court will therefore be reversed and the case remanded for further proceedings according to law.

Vickery, PJ, and Sullivan, J, concur.